United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>Jessica May Heimer,<br><br>                  Debtor. | |
| Anna Markley Bush and Bush & Heise,<br><br>                  Plaintiffs<br><br>v.<br><br>Jessica May Heimer,<br><br>                  Defendant. | Bankruptcy No. 15-bk-29843<br><br>Chapter 7<br><br>Adversary No. 15-ap-00785 |

## MEMORANDUM OPINION ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (DKT. NO. 11)

This adversary proceeding, filed in a voluntary chapter 7 bankruptcy case, is before the Court on a summary judgment motion filed by the plaintiffs, Anna Markley Bush and Bush & Heise (the "Plaintiffs"). Plaintiffs filed a Complaint to determine that the debt owed to them by the defendant (and debtor in the underlying bankruptcy case) Jessica May Heimer (the "Debtor") is nondischargeable pursuant to 11 U.S.C. § 523(a)(5). The Complaint alleged a debt for fees claimed by both Plaintiffs for services by Ms. Bush as Guardian Ad Litem ("GAL") for Debtor's minor child during the course of marriage dissolution proceedings involving the Debtor and her spouse. Plaintiffs seek summary judgment on their single-count Complaint, as well as relief from the automatic stay to allow final fee determination and possible allocation to proceed in State court (the "Motion").

Since the firm of Bush & Heise was not shown to have been appointed as GAL and no basis is shown for that firm to be entitled to any debt due from Debtor, the Motion will be denied as to that Plaintiff.

Debtor, as will be discussed below, only disputes the amount of any debt to be due from her—a question this Court cannot resolve and that should be resolved in State court in connection with the Debtor's marriage dissolution and related proceedings, where the court may reallocate the payment due for GAL services.

After consideration of the parties' submissions and being otherwise sufficiently informed, the facts not found subject to genuine dispute establish that the debt at issue due from Debtor to Ms. Bush is nondischargeable as a matter of law. The Motion will therefore be granted by separate order. That order will also grant relief from the automatic stay to allow the State court to determine finally the amount of debt due to Ms. Bush and the extent of Debtor's liability for any such debt as part of the dissolution of marriage proceedings.

## UNDISPUTED FACTS

A motion for summary judgment must be accompanied by a statement of uncontested material facts setting forth such facts in numbered paragraphs. L.R. 7056-1(A). In response, the party opposing summary judgment must file its own statement, responding specifically to each numbered paragraph--a procedure designed to simplify determination of whether a material fact is in dispute. *See* L.R. 7056-2(A)(1)(a). "All material facts set forth in the statement required by the moving party will be deemed to be admitted unless controverted by the statement of the moving party." L.R. 7056-2(B). The Seventh Circuit has repeatedly upheld strict application of the District Court's local rule on summary judgment, which requires the same statement, counter statement, and consequences for default. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009) (collecting cases). In this case, Plaintiffs filed a statement of facts as required by Local Bankruptcy Rule 7056-1 (Dkt. No. 11), but Debtor did not file a statement in response that disputes any material facts identified by the Plaintiffs' statement. The following facts set forth in Plaintiffs' statement are therefore deemed admitted for purposes of this Motion:

1. Debtor and her spouse Richard J. Heimer are parties to a Dissolution of Marriage proceeding pending in the Circuit Court of Cook County, Case Number 12 D 330844. (Pls.' L.R. 7056-1 Stmt. ¶ 1.)
2. On October 10, 2013, the Plaintiff Ms. Bush was appointed as the pro bono Guardian Ad Litem of Debtor's minor child in connection with the Dissolution of

2

Marriage proceedings. (*Id.* ¶ 2, Ex. A.) While it was claimed that her firm Bush & Heise was also appointed, that was contradicted by the State court Order submitted in support of the Motion.

3. On April 10, 2015, the order appointing Ms. Bush "pro bono" was vacated, and Debtor was ordered to deliver a $5,000 retainer fee to Ms. Bush. (*Id.* ¶ 6.) Such fees were awarded to Ms. Bush, as the GAL of Debtor's child, "without prejudice and subject to reallocation." (*See id.* at Ex. C.)

4. Through August 3, 2015, Ms. Bush expended 43 hours and 10 minutes of office time and 68 hours and 30 minutes of court time in connection with representing the minor child. (*Id.* ¶ 7, Ex. D.)

5. On August 24, 2015, Ms. Bush filed a Petition for Interim Attorney's Fees for Guardian Ad Litem. (*Id.* ¶ 8, Ex. E.)

6. Ms. Bush charges $400/hour for non-court time, and $450/hour for court time, and claimed such amounts in her petition for fees as reasonable and customary rates charged by attorneys of similar experience and expertise. (*See id.* ¶ 9, Ex. E.)

7. Ms. Bush has applied for award of fees for her services as GAL (through August 3, 2015) in the amount of $48,091.68, less payment received of $5,000.00, leaving a balance owed to Ms. Bush from Debtor and Richard J. Heimer in the amount of $43,091.68. (*See id.* ¶ 10, Ex. E.)

8. On August 31, 2015, Debtor filed a petition for bankruptcy relief under chapter 7 of the Bankruptcy Code in the Northern District of Illinois. Plaintiffs received notice of the automatic stay against all collection by creditors of the Debtor as a result of filing of Debtor's petition for bankruptcy relief. (*See id.* ¶ 3, Ex. B.)

9. On October 6, 2015, the Circuit Court of Cook County, Illinois entered an order staying "[m]atters concerning the division or allocation of property and debts of the parties" pending resolution of Debtor's bankruptcy. (*See id.* at 11, Ex. F.)

## DISCUSSION

### JURISDICTION

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer a proceeding to a bankruptcy judge under 28 U.S.C. § 157, and this proceeding is referred here by District Court Operating Procedure 15(a). Venue lies under 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (I), (J), (O) and (G). It seeks to determine the dischargeability of a debt, and to lift the stay with respect to an underlying state court proceeding concerning such debt. Therefore, it "stems from the bankruptcy itself," and may constitutionally be decided by a bankruptcy judge. *Stern v. Marshall*, 131 S.Ct. 2594, 2618 (2011).

### SUMMARY JUDGMENT STANDARDS

"A motion for summary judgment is a contention that the material facts are undisputed and the movant is entitled to judgment as a matter of law." *Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 601 (7th Cir. 2015); *See* Fed.R.Civ.P. 56(a), made applicable to adversary proceedings by Fed.R.Bankr.P. 7056. "[A] party seeking summary judgment always bears the initial responsibility of informing the ... court of the basis for its motion, and ... [must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *See* Fed.R.Civ.P. 56(a) & (c)(1). "Where ... the movant is seeking summary judgment on a claim as to which it bears the burden of proof, it must lay out the elements of the claim, cite the facts which it believes satisfies these elements, and demonstrate why the record is so one-sided as to rule out the prospect of a finding in favor of the non-movant on the claim." *Hotel 71 Mezz Lender LLC*, 778 F.3d at 601.

"[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial" through affidavits or other supporting evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) (internal quotation marks omitted);

4

Fed.R.Civ.P. 56(c) & (e). "[E]ven where many or all of the material facts are undisputed, the court still must ascertain that judgment is proper 'as a matter of governing law.'" *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994).

## DISCHARGEABILITY OF DOMESTIC SUPPORT OBLIGATIONS

Section 523 of the Bankruptcy Code excepts from discharge any debt "for a domestic support obligation." 11 U.S.C. § 523(a)(5). The term "domestic support obligation" is defined separately as a debt that is:

> **(A)** owed to or recoverable by—
> **(i)** a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
> **(ii)** a governmental unit;
> **(B)** in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
> **(C)** established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of--
> **(i)** a separation agreement, divorce decree, or property settlement agreement;
> **(ii)** an order of a court of record; or
> **(iii)** a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
> **(D)** not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A). The burden of proof is on the party objecting to the dischargeability of the debt under § 523(a)(5), who must do so by preponderance of the evidence. *Grogen v. Garner*, 498 U.S. 279, 286 (1991); *In re Hayden*, 456 B.R. 378 (Bankr. S.D. Ind. 2011). Plaintiff Ms. Bush has met that burden; defendant has not.

Attorney fees of child representatives, including a GAL, appointed for a debtor's children in state court divorce action come within the scope of the Bankruptcy Code's definition of "domestic support obligations," and are therefore nondischargeable pursuant to

5

§ 523(a)(5). *See Levin v. Greco*, 415 B.R. 663, 666-67 (N.D. Ill. 2009); *see also In re Anderson*, 463 B.R. 871, 875–76 (Bankr. N.D. Ill. 2011) (discussing *Levin*) (concluding that fees due to an attorney for children, or child representative appointed under Illinois law, fall within the domestic support exception of § 523(a)(5)), *and Shevick v. Brodsky (In re Brodsky)*, 239 B.R. 365, 373 (Bankr. N.D. Ill. 1999) (same) (collecting cases). As noted by Plaintiffs in their Motion, fees owed by Debtor to Ms. Bush for services performed as GAL for Debtor's child—and pursuant to court appointment and supervision in connection with Debtor's pending dissolution of marriage proceedings—were incurred to protect the rights of the Debtor's minor child and for the benefit of that child. *See* 750 ILCS 5/506 (governing appointment of a child representative, including GAL). Thus, court ordered fees owing to a GAL for the Debtor's minor child are in the nature of support for that child, and are therefore nondischargeable pursuant to 11 U.S.C. § 523(a)(5).

Debtor's response to the Motion disputes only the extent of her liability for fees owed, contending that Ms. Bush was originally appointed as pro bono GAL and that any fees awarded were "without prejudice." (*See* Debtor's Objection to Complaint to Discharge Debt, Dkt. No. 18, at 1–2.) But Debtor has not disputed that the order appointing Bush *pro bono* was vacated, that $5,000 were ordered to be paid by the Debtor to Ms. Bush, and that such fees were awarded "without prejudice and subject to reallocation." (*See* Motion at Ex. C, Order dated April 10, 2015.) Accordingly, the only question left is the exact amount of fees finally determined to be owed for the services performed by Bush as GAL for Debtor's child, and Debtor's liability for any such debt as determined and allocated by the State court in connection with allocation of property and debts in the dissolution of marriage proceedings. *See* 750 ILCS 5/506(b) (governing application and award of fees for child representatives). Any such fees as finally determined to be due to Ms. Bush will be nondischargeable and all relevant facts supporting that result were established by competent evidence and have not been disputed. The motion for summary judgment must therefore be granted in favor of Ms. Bush.

### RELIEF FROM THE AUTOMATIC STAY WILL BE GRANTED

Pursuant to § 362(b)(2), the filing of a petition for bankruptcy relief does not stay proceedings "for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate." 11 U.S.C. § 362(b)(2)(A)(iv); *see* 11 U.S.C. § 541(a) (defining property of the estate to include "all legal and equitable interests of the debtor in property as of the commencement of the case."). In this case, fees were awarded to Ms. Bush "without prejudice and subject to reallocation." (*See* Motion at Ex. C, Order dated April 10, 2015.) She subsequently filed a petition seeking award of fees in the amount of $48,091.68, less payments received of $5,000.00, for a balance of $43,091.68 claimed as owing by Debtor and her spouse. (*See* Motion at Ex. E, Third Petition for Interim Attorney's Fees for Guardian Ad Litem, dated August 24, 2015.) Debtor filed this case shortly thereafter and all matters concerning the division or allocation of property and debts between Debtor and her spouse pursuant to the marriage dissolution proceedings in State court have been stayed pending resolution of this bankruptcy. (*See* Motion at Exs. B and F.) Relief from the bankruptcy stay must therefore be granted to allow those matters to proceed in State court, and for determination by that court of Debtor's final liability to Ms. Bush.

Section 362(d)(1) authorizes relief from the stay, including termination, modification or conditioning of such stay, "for cause . . . ." Federal courts generally abstain from deciding cases involving divorce, child custody, and child support. Relief from the stay is therefore generally granted in situations involving alimony, maintenance, or support in order to avoid entangling the federal court in family law matters, which are best left to State courts. *See e.g., In re Anderson*, 463 B.R. 871 (N.D. Ill. 2011), *Carver v. Carver*, 954 F.2d 1573 (11th Cir. 1992). Because the debt owed to Ms. Bush will be nondischargeable, and determination of the amount of such debt to be allocated by the State court has been stayed, the stay will be lifted to allow those proceedings to continue in State court.

7

## CONCLUSION

For the foregoing reasons, the Motion of Plaintiff Ms. Bush for summary judgment will be granted by separate order. That order will also lift the stay to allow the State court to proceed with determination of the extent of the debt held herein to be nondischargeable pursuant to 11 U.S.C. § 523(a)(5). However, the Motion as to asserted debt due to Bush & Heise will be denied.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 20th day of April, 2016